## Case No. 3,984.

### DONALDSON v. HAZEN.

[1 Hempst. 423.][1]

Circuit Court, D. Arkansas. April, 1840.

JURISDICTION OF FEDERAL COURTS—PLEADING—PRACTICE.

1. Where a demurrer was sustained to a declaration, on account of a failure to show a case within the jurisdiction of the court, and the declaration was afterwards so amended as to cure that defect, it becomes substantially a new suit, and the defendant may interpose a plea to the jurisdiction of the court, averring that both parties are aliens.

2. The facts and circumstances upon which jurisdiction over the case depends, must be set forth in the declaration or pleadings.

3. Various examples given, and cases cited to illustrate this rule.

4. And where the jurisdiction does not appear on the face of the declaration, such omission may be taken advantage of by motion to dismiss the suit, at any time before final judgment, or after verdict, by motion in arrest of judgment or by bringing a writ of error and having the judgment reversed.

[This is an action for debt by Wellington Donaldson against Thomas Hazen.]

A. Fowler, for plaintiff.

Albert Pike, for defendant.

Before JOHNSON, District Judge.

OPINION OF THE COURT. This action of debt was brought by the plaintiff against the defendant, upon three promissory notes, alleged to have been executed by the defendant to Laughlan Donaldson, and by him assigned to the plaintiff. In his declaration the plaintiff failed to aver the citizenship of the assignor of the notes, and at the last term of this court the defendant filed a general demurrer to the declaration, which was sustained by the court, on the ground that the plaintiff had failed to state a case of which the court could take cognizance. The plaintiff then, with the leave of the court, amended his declaration by averring L. Donaldson to be a citizen of the state of Kentucky. On

─────────
[1] [Reported by Samuel H. Hempstead, Esq.]

the 28th October, 1839, the defendant filed a plea to the jurisdiction of this court, averring both the plaintiff and defendant to be aliens. The plaintiff now moves the court to strike out this plea, and whether the motion should be sustained is the only question now to be considered.

The plaintiff contends that the defendant, by a general demurrer to his declaration, has waived the question of jurisdiction, and is no longer at liberty to raise it by plea. It may be conceded for argument, that if the demurrer to the original declaration did not reach the question of jurisdiction, but went only to the merits of the case, that even to the amended declaration the defendant would not be permitted to file a plea to the jurisdiction of the court. But this would not help the case, because the demurrer was sustained on the sole ground that the plaintiff had failed to state a case in his declaration of which the court could take cognizance. That this judgment of the court upon the demurrer was in accordance with the well-settled principles of law, can hardly admit of a doubt.

It is settled by uniform and repeated decisions of the supreme court, that the facts or circumstances upon which the jurisdiction over the case depends must be set forth in the declaration. Thus, in a suit between an alien and a citizen, the alienage of the one and the citizenship of the other must be stated. Hodgson v. Bowerbank, 5 Cranch [9 U. S.] 303; Jackson v. Tentyman, 2 Pet. [27 U. S.] 136. When the suit is between citizens of different states the citizenship of the parties, to show not only that they are citizens of different states, but also that one of them is a citizen of the state where the suit is brought, must be stated. [Bingham v. Cabot] 3 Dall. [3 U. S.] 382; [Abercrombie v. Dupuis] 1 Cranch [5 U. S.] 343; [Wood v. Wagnon] 2 Cranch [6 U. S.] 9, 126; [Winchester v. Jackson] 3 Cranch [7 U. S.] 515; [Hope Ins. Co. v. Boardman] 5 Cranch [9 U. S.] 57; [Sullivan v. Fulton Steamboat Co.] 6 Wheat. [19 U. S.] 450; [Breithaupt v. Bank of Georgia] 1 Pet. [26 U. S.] 238. And in a suit to recover the contents of a promissory note, or other chose in action, except foreign bills of exchange and debentures, brought by an assignee of such note, it is necessary to aver that the original promisee, through whom the plaintiff claims to recover, is an alien or citizen of another state, as the case may be, so as to show that he also might have maintained the action in the court to recover such contents. Montalet v. Murray, 4 Cranch [8 U. S.] 46. And when the want of jurisdiction is apparent upon the face of the declaration by reason of the omission of a statement of the facts requisite to bring the case within the cognizance of the court, it is well settled that the defendant may take advantage of such omission, either by motion, at any time before judgment, to dismiss the suit, or after verdict he may move in arrest of judgment, or after judgment he may bring a writ of error

and have the judgment reversed. Lanning v. Dolph [Case No. 8,073]; [Mollan v. Torrance] 9 Wheat. [22 U. S.] 537; Shute v. Davis [Case No. 12,828]; [Hope Ins. Co. v. Boardman] 5 Cranch [9 U. S.] 57; [Abercrombie v. Dupuis] 1 Cranch [5 U. S.] 343; [Jackson v. Twentyman] 2 Pet. [27 U. S.] 136. If, then, the omission is a good ground to arrest the judgment, or to reverse it on a writ of error, it can admit of no doubt that it is a good ground of demurrer; for no principle is better established, than that a demurrer will reach every defect in the pleadings, which would be fatal on a motion in arrest of judgment, or on a writ of error to reverse the judgment. The defendant, then, by demurring to the original declaration, did not admit the jurisdiction of the court; for indeed the decision upon the demurrer was given upon the express ground of want of jurisdiction. The plaintiff then amended his declaration, and for the first time stated a case within the jurisdiction of the court, and which became, as it were, a new case. The defendant could then only call in question the jurisdiction of the court by an appropriate plea, traversing the facts alleged by the plaintiff. Shall the defendant be precluded from filing a plea denying the facts upon which the jurisdiction of the court rests, because he demurred to the original declaration on the ground that it failed to state a case within the cognizance of the court? I think not. Such a rule would be unjust. The motion to strike out the defendant's plea to the jurisdiction of the court is overruled.